OPINION OF THE COURT
Bernard S. Greenbatjm, J.
Plaintiffs commenced this action to recover unpaid no-fault insurance benefits and counsel fees. The plaintiff, Dr. Howard M. Rombom, is a psychologist who seeks to recover the sum of $957.60 based upon eight hours at $119.70 per hour for psychological testing conducted upon the assignor, Rose Ann Difranco.
A bench trial was commenced on September 5, 1996 and continued to conclusion on October 7, 1996. Based upon the credible evidence adduced at such trial and the memoranda of law submitted by both sides, this court makes the following findings of fact and conclusions of law.
The assignor, Rose Ann Difranco, was involved in a motor vehicle accident on November 14, 1994. She was referred to Dr. Rombom by her chiropractor.
On January 14, 1995, psychological tests were administered to Ms. Difranco by Jennifer Gambino, a psychometrician employed by Dr. Rombom. The doctor never spoke with or even saw Ms. Difranco during the administration of such tests. The tests results were subsequently scored, evaluated, and interpreted by Ralph LaMagna, another employee of Dr. Rombom. Neither of these employees are still employed by the doctor and only Dr. LaMagna was called as a witness by the defendant at trial.
The assignor, Ms. Difranco, testified under a subpoena as a defense witness that the total time spent at the psychologist’s office was between 45 and 60 minutes. On cross-examination, she stated that it might have been 60 to 90 minutes. However, on direct examination, she testified that she never received any paper from Dr. Rombom advising her of the results of the psychological testing.
A registered nurse and employee of the defendant, Bonnie Smith, testified that she reviews bills for medical services submitted by treating physicians to determine whether the amounts charged are in accordance with the no-fault fee schedule and whether the necessary documentation has been provided. She stated that Dr. Rombom’s bill was not in accord since there was no documentation to support medical necessity for the treatment and there was no hourly breakdown with re *848 spect to the actual time spent administering, scoring, evaluating and interpreting each test.
Plaintiffs contend that Dr. Rombom was entitled to use a technician he had trained to administer the tests; that his bill was proper as there are standard times in this field for the administration and evaluation for each test so that a more specific breakdown was not needed; and that, if his bill was, in fact, defective, the defendant was required to act in an nonadversarial manner and request further documentation as it has in other cases in the letter of denial dated March 2, 1996.
Defendant contends that under the no-fault insurance rules and, by adoption, the rules of the Workers’ Compensation Law, the testing procedure conducted by Dr. Rombom did not comply as there are no signed records by Dr. Rombom as to his instructions for the treatment or as to the patient’s condition and progress; Ms. Gambino was not shown to be a properly trained person or technician authorized to administer such tests; and there is no requirement that defendant request further documentation when a bill has been examined, found to be deficient and denied based upon certain specified reasons.
CONCLUSIONS OF LAW
The basic compensation for payment of a doctor under the No-Fault Law is that amount which would be payable to the doctor if this had been a workers’ compensation case. Therefore, plaintiff doctor, a psychologist, would be entitled to $119.70 per hour in accordance with the Workers’ Compensation Law. Plaintiff contends that, even though his psychometrician was paid only $25 per hour, plaintiff was entitled to be reimbursed at the hourly rate of $119.70. Plaintiff has produced a letter, dated January 9, 1994, from the New York State Insurance Department from Wendy E. Cooper, First Deputy Supervisor of Insurance, by Christopher Maloney, Senior Insurance Examiner, to the effect that the psychologist can charge $119.70 per hour for work performed by a psychometrician who is an employee of the psychologist if the psychologist has formally trained the psychometrician in how to render psychological testing.
The court accepts these statements from the New York State Insurance Department. However, the letter of January 9, 1994 adds another condition based upon the Workers’ Compensation Board rule that the psychologist fee schedule requires that "[psychological services will be rendered by or under the active and personal supervision of an authorized psychologist”. (12 NYCRR Appendix C-7.)
*849 This court finds that, in accordance with the facts, that the psychometrician rendered these services away from the doctor’s office and that Dr. Rombom was not present when the testing was done. One telephone call between the psychometrician and the doctor does not, in this court’s opinion, constitute "active and personal supervision”. Therefore, the first four hours billed based upon the psychometrician’s testing time are denied.
As to the second four hours billed, three and one-half hours were based on work done by an employee of the doctor in grading and evaluating the test results. The last one-half hour was done by the plaintiff doctor himself and his signature appears on the test result form.
With respect thereto, the basis of the treatment under no-fault is, again, that established by the Workers’ Compensation Board, to wit, that the treatment must be for the sole benefit of the claimant/patient.
Here, it does not appear that the patient was ever advised of the results of the testing. Rather, plaintiffs exhibit number 19 merely shows a statement bearing Ms. Difranco’s name and that she should make an appointment to discuss the results. There was no proof that plaintiff ever mailed this statement to Ms. Difranco or, if it was mailed, to what address it was mailed. The plaintiff has failed to prove that the results of the psychological evaluations were ever mailed to or made known to Ms. Difranco.
Accordingly, this court finds that the plaintiff has not established that the treatment was in accordance with the guidelines of the Workers’ Compensation Board, to wit, that the treatment was solely for the benefit of the claimant patient. In this court’s opinion, such point is an essential element of proof that the plaintiff must prove if he is to receive compensation under the No-Fault Law.
Therefore, this court finds judgment in favor of the defendant.